HENRY F. BUSWELL *vs.* ROBY G. FULLER.

Norfolk.　March 1, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Promissory Note — Gift.*

If the payee undertakes to give the maker the principal of a promissory note and to retain the interest during his life, and keeps possession of the note for the purpose of having a claim for his interest, the attempted gift is a nullity; but after a title has passed by a completely executed gift, the donee's rights are not affected by permitting the property to go into the possession of the donor for a special purpose.

KNOWLTON, J. The defendant contends that the note declared on was given without consideration. The production by the plaintiff of the note bearing the defendant's signature, and purporting to be given for value received, made a *prima facie*

case, and to maintain the defence it was incumbent on the defendant to produce affirmative proof that it was without consideration. To do this she produced another note, dated June 4, 1874, and otherwise identical with the note in suit, and testified that she gave it for a good consideration; that a year afterwards she offered the payee a payment on the principal of the note, which he refused, saying "he did n't want me to pay the principal, he only wanted me to pay the interest while he lived "; that in 1881 the payee called on her and passed the note over to her and said, "I will give it to you," saying that he had never done much for my husband (his son). She further testified as follows: " Then he asked me ' if the place was n't in my name.' I said, Yes. ' Well,' he said, ' as he is doing business I will give this note to you.' So I took it and supposed he was going to let me keep it, but he said he would like to have it so that he could indorse the interest on it. So after I had looked it over I counted up the number of times I had paid interest, and remarked, ' Well, I have paid a good many interests on this, and if I pay many more I shall pay as much interest as the principal would amount to.' " She then returned the note to the payee, who retained it up to the time of the giving of the note in suit, and the defendant made payments of interest up to said date, and the payee indorsed them on the note. She also testified that on June 4, 1885, the date of the note in suit, she called on him for the purpose of paying the interest on the note of 1874. " I said to him, as he brought out the note, or he said to me, rather, ' This is all covered over with interest that has been indorsed on it.' He said, ' There was no room to put any more on.' So he took a piece of paper and wrote a new one [the note in suit] himself." In reference to her paying interest on the note from 1881 to 1888 she testified: " The fact was he would n't accept money from me. I wanted to pay it up if he was ever going to have me pay it; he would n't settle it."

*Q.* " He wanted you to pay the interest ? " *A.* " Yes, sir, he expected me to pay the interest; he told me so." *Q.* " And he held the note so that he could compel you to pay the interest ? " *A.* " He expected me to pay the interest." *Q.* " You considered yourself bound to pay the interest, did you not ? " *A.* " That is what he told me. He told me he should leave it so I should

have it." *Q.* "So that you should have it finally?" *A.* "So that it should be handed to me." *Q.* "That is, you expected him to give you the note, or his representative?" *A.* "He gave it to me, as I told you, at that time, and I allowed him to keep it in his possession." She paid interest on the note until within less than six months of his death.

The plaintiff excepted to the refusal of the presiding judge to rule, as matter of law, that the above recited facts did not disclose a defence to the action, and this exception presents the only question in the case.

The defendant contends that the note of June 4, 1874, had become a nullity before the note in suit was given, and that the latter was therefore without consideration. If there had been a completely executed gift of the first mentioned note, with a, delivery of it for the purpose of passing the whole title to it,. and of giving up all control of it or dominion over it, the debt would have been cancelled, and there would have been no consideration for the note in suit. *Slade* v. *Mutrie, ante,* 19. But nothing less than that would suffice to deprive the first note of validity. A mere oral gift, without a complete transfer of the thing given, such that the giver no longer retains control of it, is ineffectual to pass a title. If the plaintiff's testator undertook to give the defendant the principal of the note and to retain the interest during his life, and kept possession of the note for the purpose of having a claim for his interest, his attempted gift was a nullity. This, has been unanimously held in a well considered opinion in the case of *Young* v. *Young,* 80 N. Y. 422, which was very similar to this in its facts. See also *Dole* v. *Lincoln,* 31 Maine, 422 ; *Withers* v. *Weaver,* 10 Penn. St. 391; *Linsenbigler* v. *Gourley,* 56 Penn. St. 166. This proposition is not in conflict with the doctrine that, after a title has passed by a completely executed gift, the donee's rights are not affected by permitting the property to go into the possession of the donor for a special purpose, any more than they would be by lending property otherwise obtained.

To show that the plaintiff's testator gave up all title to the note, and that it became absolutely her property, the defendant relies upon what occurred on a single occasion. She was his daughter in law, and, according to her testimony, he had previ-

ously declined to receive anything on the principal, and had told her that he only wanted her to pay the interest while he lived. On the occasion referred to, when he passed the note to her and said he would give it to her, and she at first supposed he was going to let her keep it, he immediately said he would like to have it so that he could indorse the interest on it. She only had it in her hand long enough to look it over and count up the number of times she had paid interest on it, and then she returned it with a remark in reference to the future payments of interest she was to make on it. What was said and done on this occasion must be taken together, for there was but one transaction, which apparently occupied only a very short time. It is certain, from her account of the interview, as well as from the subsequent conduct of the parties, that the plaintiff's testator never meant to give up his right to have interest on the note as long as he lived, if it remained unpaid, and there is no evidence which would warrant a jury in finding that the right to receive interest was ever relinquished. Nor is there any evidence that he ever intended to give up the possession of the note, so that he could no longer avail himself of it for the collection of his interest, or that the defendant ever understood that she was to have it absolutely in his lifetime, so that his right to the interest would be cut off. If, when he handed her the note, she supposed he was going to let her keep it, he immediately corrected her misunderstanding by telling her that he was to retain it so that he could indorse the interest on it. There is nothing to indicate that there were two separate transactions, one an absolute giving up of the note and a relinquishment of all claim under it, and the other a new arrangement, without consideration, that interest should be paid during his life, and that the note should be given back to him by the defendant, as evidence of her voluntary promise to pay interest. On the defendant's testimony, the result of their conversation was an arrangement that the note should remain in his hands as a valid contract on which interest should be collected, and that the claim for the principal should be relinquished. We are of opinion that there was no evidence to warrant a verdict for the defendant. As is said in *Hillyer* v. *Dickinson*, 154 Mass. 502, 503, " The view no longer prevails that a party who has the burden of proof can retain a

verdict in his favor by pointing to a mere scintilla of evidence, when, on an examination of the whole case, the court can find no substantial evidence to support it."

The promise of the plaintiff's testator to give up the principal of the original note, being unexecuted and without consideration, there was a sufficient consideration for the new note which the defendant subsequently gave, and she is bound by it.

*Exceptions sustained.*

*H. F. Buswell*, for the plaintiff.
*E. B. Powers*, for the defendant.