PERMELIA JOHNSON V. ELIZABETH EATON.

1. ADVANCEMENT, *What is.* Where a father voluntarily pays a mortgage on his daughter's lands for her benefit, and takes an assignment in blank of the mortgage and note thereby secured, to hold for her benefit, and keeps them in his possession until his death, *held,* that such payment will be deemed an advancement out of his estate to her.

2. GIFT — *Delivery is Essential.* Delivery is essential to a valid gift of a note and mortgage.

*Error from Elk District Court.*

ACTION by *Permelia Johnson* against *Elizabeth Eaton* and others to recover on a promissory note. Judgment for the defendants at the February term, 1890. Plaintiff comes here. The opinion states the facts.

*J. A. McHenry,* for plaintiff in error:

A gift, to become effective, must be accompanied by either an actual or a constructive delivery. This the evidence wholly fails to establish.

A mere agreement to pay off the mortgage, without other consideration than that of love and affection, cannot be enforced. Nothing short of the actual consummation of the agreement can bind the donor, or heir, or legatee.

*R. H. Nichols,* for defendant in error:

In many forms of cases, a mere promise to give could not thereafter be enforced; so, in this case, possibly the promise of Mr. Johnson, the father of Elizabeth Eaton, that he intended to pay the debt, could not have been enforced by Mrs. Eaton prior to payment; but after Johnson, the father, had voluntarily promised Mrs. Eaton that he would pay the debt, but had said in that connection that he would have the debt assigned to him to prevent Mr. Eaton from receiving benefits therefrom, and after the debt has been paid in pursuance of that promise, the gift has become absolute. This is

a stronger case than *Grangiac, Survivor, v. Arden*, 10 Johns. 292, in which the gift was upheld.

In *Stadel v. Stadel*, 40 Kas. 646, and *Collins v. Martin*, 43 id. 182, the same principle prevails.

The opinion of the court was delivered by

ALLEN, J.: Permelia Johnson, as plaintiff, brought this action on a promissory note for $500, and attached an interest coupon given by Elliott Johnson and Ella V. Johnson to Griffith & Russell, and to foreclose a mortgage given to secure the same. The lands described in the mortgage had been conveyed subject thereto to the defendant Elizabeth Eaton. The evidence shows that John Johnson, husband of the plaintiff, and father of Elizabeth Eaton, paid off this mortgage and had the same indorsed by Griffith & Russell and delivered to him. The payment was made through I. D. Alter, a banker at Oak Valley, to whom the note and mortgage were sent by Griffith & Russell, and these papers remained in his possession until after the death of John Johnson, when they were delivered by Alter to I. E. Jackson, who was attending to plaintiff's business affairs. The defendant Elizabeth Eaton contends that her father paid off this mortgage voluntarily for her benefit, and as a gift to her, and that he retained possession of the papers in order to prevent her husband, from whom she had separated, from deriving any benefit from such payment. Evidence was introduced at the trial of declarations made by the deceased supporting her claim. The plaintiff, however, claims that delivery of the note and mortgage was essential to a completed gift, and that the fact that John Johnson took an assignment of the note and mortgage, and retained them in his possession, is conclusive against the defendant's claim.

We think, however, that this case is unlike one where a direct gift of a chose in action is claimed, and that it was the purpose of John Johnson, when he paid the amount of the mortgage, to make the payment for the benefit of the defendant, and he merely took the assignment in blank of the papers

to hold them in trust for his daughter's benefit, and that it amounts to a valid and completed advancement to her.

The plaintiff contends that no valid gift was made to the defendant, yet in her deposition she makes a claim of the same kind, but without any proof whatever of delivery of the note to her. She swears that her husband gave it to her, but the evidence clearly shows that it was never in her possession until after his death. There are hints in the record of a will, but none was produced in evidence, and if one existed we are not informed as to its contents.

The court found that the plaintiff was not the owner of the note, and there is nothing in the record tending to show that she has any title to or interest in the note, unless it be as the widow and one of the heirs of John Johnson, deceased.

Judgment will be affirmed.

All the Justices concurring.