JOHNSTON, GREENE, ELLIS, JJ., concurring.

65   341
e68   203

JOHN GALLAGHER v. MARY DONAHY, *as Administratrix, etc.*

No. 12,718.   (69 Pac. 330.)

SYLLABUS BY THE COURT.

1. GIFT INTER VIVOS—*Requisites—Intention and Transfer.* To constitute a valid gift *inter vivos*, there must be not only an intention gratuitously to give, but an absolute transfer of the property, which takes immediate effect.

2. ——— *Promissory Notes—Reservation of Interest Payments.* A retention of the dominion and control of promissory notes proposed to be donated, coupled with a declaration of the payee that interest payments thereon would be expected from the payor, does not evidence a purpose to make a gift *in præsenti*, nor indicate such a delivery as is essential to an executed gift.

Error from Pottawatomie district court; WILLIAM THOMSON, judge.   Opinion filed July 5, 1902.   Affirmed.

Gallagher v. Donahy.

STATEMENT.

This was an action to recover on three promissory notes executed by John Gallagher to Dennis Donahy, amounting to $1500. Donahy died and the notes passed into the possession of the administratrix of his estate, who brought suit on them. Gallagher claimed that the notes and debt had been donated to him by Donahy before the death of the latter. To establish a gift, the following letter was principally relied on:

"LEAVENWORTH, KAN., January 2, 1899.

"DEAR FRIEND: Your letter of the 20th ult. to hand, and note what you say in regard to Bushey's business. I could very easily get along without any of that money only for loaning that big amount to C. M. Donahy. As I said before, I would like Mr. Bushey would pay it when due if he conveniently could, as there will be no more coming due for some time, except $110 from Martin Lynch. He sent me the $11 interest the same day I got your letter, and said he would send the principal by the 1st of March next. Please tell Mr. Lynch that will do, as soon as you see him, and oblige. In regard to that loan of $400 or $500 that McGerty wants, I cannot loan him any or any one else unless such amount is paid in before next spring. John, as for that $1500 you are owing me, you need not trouble yourself, as all I expect or want you to pay is the interest on it; and the balance of the H. Bushey money, which is at present only $41, you can pay that when convenient. When you write say nothing about *me making you* a present of the $1500, for I do not want my wife to see it mentioned in your letter, or do not tell anybody else that would tell my wife. I will send your notes after awhile. I could not write this to-day only for my wife is sick in bed. She got something like *la grippe*, and Emma is home again and is sick also, but not bad. Ed. Benet is here yet, but if both women keep sick he will have to find some other place to board. I hope all you folks are well. I am well, thank God.

Yours very truly, DENNIS DONAHY."

The trial court held the testimony to be insufficient to establish a valid gift, and gave judgment in favor of the administratrix for $1714.80.

*Gregg & Gregg*, for plaintiff in error.

*John H. Atwood*, and *William W. Hooper*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The notes and debt were formerly the property of Donahy, and, unless he made an actual donation or disposition of them in his lifetime, they constitute a part of the Donahy estate, and the judgment was, therefore, correctly given. To constitute a valid gift of the debt and the evidence of the same, it must appear that Donahy not only intended to make a donation, but that he also divested himself of title and possession of them. (*Johnson v. Eaton*, 51 Kan. 708, 33 Pac. 597.)

Delivery, actual or constructive, is essential to a gift *inter vivos*. A mere intention to make a donation effective at a future time confers no title to or right in the subject-matter of the proposed gift. Here there was no delivery of the notes, nor any relinquishment of control or dominion over them. Instead of a transfer and surrender of the debt evidenced by the notes, its continued existence was recognized by the expressed purpose to collect interest on it. If there was no debt, no interest would accrue. The letter relied on indicates a purpose on the part of Donahy to make a gift of the notes to Gallagher at a future indefinite time, and that he intended to consummate the gift by sending the notes to him. No time was fixed by him for the sending of the notes, but he did declare that he would expect the continued payment of interest.

His retention of the dominion and control of the debt and notes and his statement that he would expect the continuance of payments of interest do not evidence a purpose to make a gift *in præsenti.*

As was said in *Roland v. Schrack*, 29 Pa. St. 125, a transaction cannot be changed from a loan to a gift by loose declarations of one that he has given money to another, and especially where there is an absence of complete delivery so essential to the validity of a gift. Under the evidence, it would appear that there was no intention on the part of Donahy to make an absolute transfer of the debt which would take effect immediately, and no understanding by Gallagher that the proposed gift was to go into immediate effect. The transaction lacked the essential elements of a gift *inter vivos*, and indicates no more than a promise to make a gift, which was unexecuted at the time of Donahy's death. (*Young v. Young et al.*, 80 N. Y. 422, 36 Am. Rep. 634; *Dole v. Lincoln*, 31 Me. 422; *Withers v. Weaver*, 10 Pa. St. 391; *Buswell v. Fuller*, 156 Mass. 309, 31 N. E. 294, 14 A. & E. Encycl. of L. [2d ed.] 1015.)

The judgment is affirmed.

CUNNINGHAM, GREENE, ELLIS, JJ., concurring.