No. 18,461.

LOUZETTIA SANDERSON, *Appellee,* v. GEORGE W. SAN-
DERSON et al. (A. W. SANDERSON et al., *Appellants*).

SYLLABUS BY THE COURT.

1. DEED—*Signed—Acknowledged—Not Delivered—Invalid.* The
mere signing and acknowledgment of an instrument purport-
ing to be a conveyance of land does not consummate a con-
veyance, but to effect such conveyance there must be an
actual or constructive delivery of the instrument from the
grantor named therein to the grantee.

2. FINAL ORDER—*Directing Clerk to Pay Out Certain Money—
Reviewable.* An order of a district court directing the clerk
thereof to pay a certain sum of money to a certain person is
a final order and is erroneous where the records of the court
show that the fund never came into the hands of the clerk
to whom the order was directed, but came into the hands of
her official predecessor and was paid out by such predecessor
under the order of the court.

Appeal from Cowley district court; CARROLL L.
SWARTS, judge. Opinion filed December 6, 1913. Af-
firmed in part and reversed in part.

*L. C. Brown,* of Arkansas City, for the appellants.

*W. P. Hackney,* and *J. T. Lafferty,* both of Winfield,
for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee brought suit against her
husband, George W. Sanderson, for a divorce and for
alimony. She also made Carrie Sanderson and A. W.
Sanderson, children of George W. Sanderson by a
former marriage, parties defendant for the purpose of
setting aside deeds made to them by their father just
prior to his marriage to appellee. The divorce prayed
for was granted and the appellee was awarded alimony
in the sum of $500 and a lien was adjudged upon the
real estate claimed by A. W. Sanderson for the amount

of the alimony awarded. Of the parties to the action A. W. Sanderson alone appeals from the judgment allowing the lien.

About the time of the commencement of the action the court appointed a receiver to take charge of the real estate involved in the action to collect the rents therefrom and to pay such rents to the clerk of the district court. On September 15, 1911, on an application for alimony *pendente lite,* the court ordered George W. Sanderson to pay to appellee $25 in ten days from that date, and the further sum of $25 on the ·first day of each month thereafter during the pendency of the action, and the further sum of $50 to be paid to appellee's attorneys for preparing the case for trial; that said sums were to be paid to the clerk and by the clerk to be paid from time to time to the plaintiff and her attorneys.

On June 19, 1912, there then being $225 due on the order for alimony *pendente lite,* the receiver was ordered to pay to the clerk of the court, then A. C. Bangs, the sum of $108.64, "for the use of the plaintiff in satisfaction of his claims." On July 6, 1912, the receiver paid the above sum to the clerk and on the same day the clerk paid the amount to appellee's attorneys.

It seems that at the regular election of 1912 Anna L. Tonkinson, appellant, was elected to succeed Bangs as clerk of the court. On February 5, 1913, the court made a further order commanding Tonkinson, the then clerk, to pay the above sum of $108.64 to appellant A. W. Sanderson. Neither of the appellants excepted to the order made on June 19, 1912, and in the notice of appeal no complaint was made thereof. From this latter order Tonkinson makes a cross-appeal. Appellant Tonkinson contends that at the time of the making of the order, February 5, 1913, she did not have and never had had this sum of $108.64 in her pos-

session as such clerk, and that she could not comply with the order without paying the amount out of her own funds.

The facts as abstracted by appellant Tonkinson on her cross-appeal are not controverted and, assuming the facts to be as stated, the court evidently made a mistake. The court certainly could not have intended to require its clerk to pay over money which the clerk had never received, but which had been received by the preceding clerk and paid out in accordance with the order of the court. This matter should have been called to the attention of the court by a motion to correct the mistake, but since this was not done, and the order is a final order within the provisions of section 566 of the civil code it is appealable, and the order of February 5, 1913, is reversed.

As to the appeal of A. W. Sanderson from the judgment awarding appellee a lien of $500 against the D street property, we are not unmindful of the case of *Butler v. Butler and Austin,* 21 Kan. 521, which holds, in substance, that a parent who has made a contract of re-marriage, and in view of the marriage has represented to his *fiancé* that he owns certain property, may before the second marriage make a voluntary conveyance of such property to children of his former wife; and that under the facts of that case a judgment against the second wife, in an action to set aside such conveyance as a fraud upon her marital rights, was affirmed. The decision in that case is to the effect that one has the right to give away that which is his own and that the obligation of a man to his prospective bride is not greater than his obligation to his children by a deceased wife, who with his children assisted him in the accumulation of the property; that a gift by a father to such children a short time before the second marriage and after he has made a statement to his prospective bride is not necessarily a fraud upon her

rights after the marriage. (See, also, *Small v. Small,* 56 Kan. 1, 42 Pac. 323; *McKelvey v. McKelvey,* 75 Kan. 325, 89 Pac. 663; *McKelvey v. McKelvey,* 79 Kan. 82, 99 Pac. 238.)

We remark incidentally that the abstract of appellants should present to this court an abbreviated statement of the whole case — the pleadings, evidence, rulings, orders and judgment involved in the appeal. Appellants' abstract in this case falls far short of this. It states the purpose of bringing the action, gives appellants' interpretation of the effect of a part of the evidence, and literally copies a part of the evidence of one witness. This copied evidence, not being disputed, is sufficient to prove there was no antenuptial contract for the conveyance of the property in question from George W. Sanderson to the appellee in consideration of their marriage.

Following the rule in the cases above cited, if George W. Sanderson did, in fact, give a portion of his property to his children by the former marriage, this did not constitute, *ipso facto,* fraud upon the rights of the appellee, and the only question remains whether he did, in fact, convey the D street property to his son, A. W. Sanderson.

As abstracted by the appellee, there seems to be sufficient evidence to justify the court in finding that no such conveyance was, in fact, consummated by the delivery of the deed. Of course, the mere signing and acknowledgment of a deed to land from one person to another does not consummate the conveyance thereof. There must be an actual or constructive delivery of the deed. While there are no findings to indicate precisely the view taken by the court, the judgment implies that no conveyance of the D street property was consummated by a delivery of a deed thereof to appellant A. W. Sanderson. It is certain that the court did not undertake to set aside the conveyance, if there was such a conveyance, from George W. Sanderson to

appellant A. W. Sanderson. If there was no such con-
veyance, the judgment of the court making the allow-
ance for alimony a lien upon the D street property im-
plies that such property had not been conveyed by
George W. Sanderson, but was still his property. On
the other hand, if the conveyance of the property had
been fully made, as we have seen George W. Sanderson
had a right to make it, the judgment awarding a lien
against the property of A. W. Sanderson to secure the
payment of a judgment against George W. Sanderson
could not be well justified in law.

There is no appeal from the judgment awarding a
divorce, and the judgment awarding a lien for alimony
against the D street property is affirmed.