No. 18,622.

CARRIE WOOD, *Appellee*, v. THE BANK OF WHITEWATER, *Appellant*.

SYLLABUS BY THE COURT.

GIFT — *Promissory Note* — *Delivery Necessary.* An actual or constructive delivery is essential to a valid gift of a promissory note.

Appeal from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed February 7, 1914. Reversed.

*A. L. L. Hamilton, H. W. Schumacher,* and *B. R. Leydig,* all of El Dorado, for the appellant.

*C. L. Aikman,* of El Dorado, for the appellee.

The opinion of the court was delivered by

SMITH, J.: There is no conflict in the evidence in this case. The action was brought to recover an amount of money and property, the property consisting only of a promissory note which will be referred to later.

J. D. Joseph testified that he was and had been for twenty years the assistant cashier of the appellant bank, and that on February 20, 1911, he met Dr. H. L. Wood at the bank who at that time closed the sale of a tract of real estate from Dr. Wood to Charles Claypool, and Claypool gave him a check for $1000 and a promissory note for $1250 for the land; that on the

following day, February 21, Dr. Wood came to the
bank again and stated that people were trying to get
his property away from him and inquired if there was
any way he could fix his bank account, notes, real es-
tate and other property so that people could not get it
away from him; that Mr. Joseph told him that he
could place his bank account in his mother's name sub-
ject to his check and that it would remain his property
and that he could indorse the note to his mother; that
his accounts could be collected and placed in the same
account under the same conditions; that all the other
money and credits that came into the bank could be
credited to the same account, and all checks that he
drew could be charged to that account and the account
remain his and under his control and subject to his
check; that on that day the note in question was de-
livered to the teller for collection and the $1000 re-
ceived was delivered to the teller of the bank and en-
tered to the credit of H. L. Wood; that on February 24,
following, Dr. Wood stated to Mr. Joseph in the bank
that he wished to transfer his account so that it would
be subject to his check and under his control and place
all his money coming in for notes and collection to the
credit of his mother, Carrie Wood, but that such ac-
counts and other money collected or that should be left
in the bank for him should be credited to his account,
under his control and should be his property; that he
would indorse the note as suggested, and that when
collected it should be credited to the same account un-
der the same conditions.

There was also evidence that the note for $1250 was
collected by the bank and credited in this account in the
name of the appellee subject to the check of H. L.
Wood.

After the evidence was closed the court instructed
the jury. There is no controversy in regard to the in-
structions except as to instruction No. 12. To under-

stand this, however, instruction No. 9 should be read in connection with it. The two instructions read as follows:

"(9) You are instructed that before the plaintiff could have any interest in the money deposited in the defendant bank, you would have to find from the evidence that the said H. L. Wood when he made the deposits, lost all dominion and control of said deposits, and that the same were not subject to the check of said H. L. Wood, and if you find from the evidence in this case that he still had the dominion and control of said deposits, and that they were subject to his check, then and in that event your verdict must be for the defendant, excepting as explained in instruction No. 12.

"(12) You are instructed that with reference to the $1250 note, that if you find from a preponderance of the evidence that said note bore on the back of it the following words, viz:—'Pay to Mrs. Carrie Wood—H. L. Wood,' and that H. L. Wood signed the same and after signing the said endorsement he took it to the said defendant, or if already at the bank, he left the same to be there paid by the maker of the note, and that he did not after so indorsing the same, take it into his possession, and afterwards said note was paid by the party giving the same to the bank or one of its officers whose business it was to so receive the money, and that upon said money being paid to the bank, the said bank, because of directions from said H. L. Wood, placed the same on the bank books in the name of Carrie Wood, and you further find that she has not been paid by the bank but that the bank refused payment upon being requested to pay the same by Carrie Wood or her duly authorized attorney to draw the same, then and in that case it will be your duty to return a verdict against the defendant for the amount due thereon."

The jury returned a verdict in favor of the appellee for $1250, the amount collected on the note. There was no evidence in the case that Dr. Wood gave any instruction to have the note held or delivered to the appellee but, on the other hand, that he instructed the bank to collect the note and deposit the money to his

account, kept in the name of his mother, as other moneys were credited subject to his check.

The evidence of appellee shows that she knew nothing of the transaction until after Dr. Wood had been adjudged insane and Mr. Joseph had been appointed his guardian; after the note had been collected and the proceeds deposited as directed. Appellee also testified that Dr. Wood owed her nothing.

The mere signing of an instrument of conveyance does not consummate a conveyance, but to effect a conveyance there must be an actual or constructive delivery of the instrument from the grantor to the grantee. (*Sanderson v. Sanderson,* ante, p. 98, 136 Pac. 791; see, also, *Ireland v. Shore,* ante, p. 326, 137 Pac. 926.)

It is contended on the part of the appellant that if appellee acquired any right in the note it was by way of a gift *inter vivos,* and that the burden rested upon the appellee to prove a delivery of the note after it was indorsed or a delivery thereof to some other person for her use or benefit, and that no such evidence appears in the case; that on the other hand Dr. Wood directed that when the note was collected the money should be deposited in the bank in his mother's name subject to his check, and this conveyed no property in the note or its proceeds to his mother. We think this contention is correct, and that the indorsement of the note, of which the appellee had no knowledge and which was not done with the knowledge of any person acting for her, did not constitute a contract or conveyance of the note and did not constitute a gift thereof. A delivery is essential to a valid gift of a promissory note. The evidence of appellee was not sufficient to establish any cause of action. (*Johnson v. Eaton,* 51 Kan. 708, 33 Pac. 597; *Gallagher v. Donahy,* 65 Kan. 341, 69 Pac. 330; *Calvin v. Free,* 66 Kan. 466, 71 Pac. 823.)

The judgment is reversed and the case is remanded with instructions to render judgment for the appellant.