I. J. BROOK V. WALTER LATIMER, *as Administrator of the Estate of* JESSIE E. LATIMER, *deceased.*

PARENT AND CHILD — *Advancement* — *Parol Evidence to Explain Promissory Note.* Parol evidence is admissible to show that a promissory note for the payment of $10,000, executed by a daughter to her father, and made payable on demand, was in fact executed by the daughter and received by the parent as a mere receipt or memorandum of an advancement made by the parent to the child, and that a mutual understanding was had at the time of its execution and delivery that payment thereof would never be demanded or enforced.

*Error from Anderson District Court.*

THE case is stated in the opinion.    Judgment for defendant on September 28, 1887.    The plaintiff *Brook* brings the case here.

*James D. Snoddy,* for plaintiff in error.

*W. A. Johnson, M. L. Ritchie,* and *J. G. Johnson,* for defendant in error.

Opinion by SIMPSON, C.: The plaintiff in error, I. J. Brook, presented to the probate court of Anderson county for allowance, a promissory note against the estate of Jessie E. Latimer, (who was his daughter, intermarried with Walter Latimer,) that reads as follows:

"$10,000. On demand, I promise to pay to I. J. Brook ten thousand dollars; value received this 12th day of June, A. D. 1882.—JESSIE E. BROOK."

Upon hearing, the probate court disallowed the claim, and an appeal was taken to the district court, where the case was tried by the court and a jury on the same pleadings upon which it was heard in the probate court.   These consisted of the verified claim of the plaintiff in error for $10,000, and the answer of the administrator of the estate of Jessie E. Latimer.   This answer denied the execution of the note, denied any indebtedness by Jessie at the time of her death to her father; and further alleged that at the marriage of Jessie,

her father, the plaintiff in error, made an advancement of property and money to her; that she received an advancement out of her father's estate, and that the instrument presented for allowance against her estate was intended only to show the amount of money and property advanced to her whenever it became necessary to make a final settlement and a fair distribution of the estate of her father. The trial in the district court of Anderson county resulted in a verdict and judgment for the defendant in error. A motion for a new trial was overruled, and the cause brought here for review.

The various rulings of the trial court upon the admission of evidence, and the exceptions to the instructions given to the jury, now urged here as erroneous, are all dependent upon the one controlling question as to whether or not an absolute promise in writing to pay a certain amount of money given by a child to a parent, may be shown to be intended between the parties to it as a mere receipt or memorandum to show that the parent had made an advancement of that amount of property and money to his child, and that it was the intention of the parent that it should never be collected. If in an action such as this, to enforce the payment of the demand note, such a showing is permitted, then this judgment must be affirmed; but if such evidence of intention to make an advancement is not admissible, the judgment must be reversed.

I. An advancement is an irrevocable gift by a parent to a child in anticipation of such child's future share of the parent's estate. In many of the states their statutes prescribe what evidence is necessary to establish the fact of advancement, as in Maine, Massachusetts, and Vermont, where there shall be a declaration to that effect in the grant or gift of the parent, or a charge by the intestate, or an acknowledgment in writing by the child. In some of the states where there are no statutory provisions like those cited from Maine, Massachusetts, and Vermont, it has been held that the declarations of the parent before, after, and at the time of the transaction, are admissible in evidence to show the intention to make an advancement.

(*Mitchell v. Mitchell*, 8 Ala. 414; *Autrey v. Autrey*, 1 id. Select Cases, 542; *Butler v. Ins. Co.*, 14 id. 777; *Merrill v. Rhodes*, 37 id. 449; *Smith v. Smith*, 21 id. 761; *Fennell v. Henry*, 70 id. 484; *Phillips v. Chappell*, 16 Ga. 16; *Dillman v. Cox*, 23 Ind. 440; *Woolery v. Woolery*, 29 id. 249; *Middleton v. Middleton*, 31 Iowa, 151; *Cecil v. Cecil*, 20 Md. 153; *Graves v. Spedden*, 46 id. 527; *Kingsbury's Appeal*, 44 Pa. St. 460; *Morris v. Morris*, 9 Tenn. 814; *Watkins v. Young*, 31 Gratt., Va., 84.)

Our statute provides—

"That property given by an intestate, by way of advancement to an heir, shall be considered part of the estate, so far as regards the division and distribution thereof, and shall be taken by such heir toward his part of the estate, at what it would now be worth if in the condition in which it was so given him. But if such advancement exceeds the amount to which he would be entitled, he cannot be required to refund any portion thereof." (Gen. Stat. of 1889, ¶¶ 2617, 2618.)

These statutory provisions render us no aid in the solution of the question we are considering, as they establish no rule of evidence by which the fact of advancement can be shown. While there are numerous decisions of this court contained in almost every volume of our reports upon questions affecting the admission of parol testimony, to vary or contradict the express terms of a written contract, the exact question here presented has not been discussed or decided. The various cases in this state alluded to in the briefs of counsel do not in our judgment in any way indicate or control the decision of the case at bar.

The question of advancement in all cases is entirely dependent on the intention of the donor. That intention can be best ascertained by the declarations of the parent at the time of the transaction, and by his acts done and performed in pursuance of his declarations. In many cases his declarations made prior to the advancement, or his statements made thereafter, are admissible to establish the fact. It may be established by the adoption of a particular rule or system in the treatment of his children, with respect to gifts, or loans

28—44 KAS.

of money, or by a general policy adopted with reference to his donations to the members of his family.   The doctrine of advancement is in aid of that equal and impartial distribution of the estate of an intestate, that has become the fixed policy of this state by long-continued statutory enactment, so that equality between the heirs is equity as well as statutory command.   We do not deem the admission of evidence tending to show that a promissory note absolute by its express terms, is a mere evidence of an advancement by a parent to a child, to be a violation of that rule of evidence that forbids a written instrument to be varied or contradicted by parol. The numerous reported cases, including deeds that recite a moneyed consideration, bonds under seal, and promissory notes, in absolute terms justify the admission of such evidence, on the principle that the consideration recited in the instrument is always subject to judicial inquiry.   This court is unusually liberal in the application of the rule that permits such inquiry. In almost every reported case in which the controlling question was whether or not such parol evidence was admissible to show that some written instrument of indebtedness taken by a parent from a child was in fact a mere receipt or memorandum of an advancement, it is held that such evidence should be received.   This case, however, differs from all the reported cases that have been cited, or that we have examined, in this respect: The parent that made the advancement is still alive, and is now insisting that the memorandum or receipt showing the amount of the advancement at the time it was made, is both *prima facie* and conclusive evidence of a debt.   We have already stated that an advancement is an irrevocable gift, and it has been repeatedly held that a donor cannot change an advancement into a debt or trust. (*Haverstock v. Sarbach*, 1 Watts & S. 390; *Miller's Appeal*, 31 Pa. St. 337; *Sherwood v. Smith*, 23 Conn. 516; *Arnold v. Barrow*, 2 Pat. & H. 1; *Dudley v. Bosworth*, 10 Humph., Tenn., 9; *Thompson's Appeal*, 42 Pa. St. 345; *Cleaver v. Kirk*, 3 Ky. 270.)

Applying the principle that parol evidence is admissible to prove the intent of the parent to the facts developed on the

trial, we have an abiding faith that there is not only some evidence to support the verdict of the jury, but that it was rendered in accordance with the preponderance of the evidence, and it therefore becomes our duty to recommend an affirmance of the judgment of the district court.

By the Court: It is so ordered.

All the Justices concurring.