MINNIE MARTIN et al., *Appellees*, V. R. B. SHUMWAY, JR.,
*Appellant.*

No. 18,255.

SYLLABUS BY THE COURT.

*Advancement or Gift?—Deed Father to Son—Evidence—Subsequent Statements of Grantor.* Upon the issue whether a deed
made by a father to a son was a preferential gift or an advancement, subsequent statements of the grantor are admissible in evidence, if they tend to show what his purpose was
at the time of its execution, regardless of which side of the
controversy they support.

Appeal from Rice district court. Opinion filed June
7, 1913. Affirmed.

*J. W. Brinckerhoff, W. W. Stahl,* both of Lyons,
*F. F. Prigg,* and *C. M. Williams,* both of Hutchinson,
for the appellant.

*Samuel Jones, Ben Jones, C. F. Foley,* and *O. E.
Hopkins,* all of Lyons, for the appellees.

The opinion of the court was delivered by

MASON, J.: In an action for the partition of a half
section of land owned at the time of his death by C. W.
Shumway, who died intestate in 1890, his six children
were parties, and the only controversy was whether a
deed from him to his oldest child, R. B. Shumway, was
intended as a preferential gift. The trial court treated
it as an advancement, and the grantee appeals.

The deed covered a quarter section of land. It was
signed and acknowledged in 1886, but remained in the
hands of the grantor, who indorsed upon it the words
"To be delivered to him on his 21st birthday, April 18,
1893." On November 26, 1889, he caused it to be recorded. The appellant concedes that the usual presumption is that such a deed is intended as an advancement, but he maintains that here the undisputed evidence overcame this presumption. No special findings

were made, and we are not advised of the precise view of the evidence taken by the trial court. There was considerable testimony that the grantor had said, in substance, that he gave the land to his son because he had required so much work from him and given him such small educational advantages. This obviously tended to support the theory of a gift. There was also some testimony that he had spoken of a purpose to give to·each of his children a quarter section of land. This as obviously had a contrary tendency. Assuming that every witness spoke the exact truth, there was room for different inferences, and it can not be said, as a matter of law, that either view was conclusively established. The decision upon the merits is therefore not open to review.

The appellant contends that error was committed in admitting evidence of declarations supporting the advancement theory made by the grantor after the execution of the deed. A conflict of authority with regard to the admissibility of such evidence is noted in *Plowman v. Nicholson,* 81 Kan. 210, 215, 216, 105 Pac. 692, 106 Pac. 279, where citations are made. (See, also, Thornton on Gifts and Advancements, §§ 584, 585.) In this state there is no hard-and-fast rule that the declarations of the grantor, offered to show his purpose in making a deed, may never be received after its execution. This appears from the case just cited, especially from the quotations there made from *Brook v. Latimer,* 44 Kan. 431, 24 Pac. 946, 11 L. R. A. 805, 21 Am. St. Rep. 292. (See, also, *Gordon v. Munn,* 87 Kan. 624, 125 Pac. 1.) The principle upon which it is held that subsequent declarations of a grantor, in disparagement of the title acquired by the grantee, are inadmissible, does not apply. When a parent conveys land to his child he parts absolutely with the title, whether he intends a gift or an advancement. The suggestion has been made that his subsequent declara-

tions favoring the advancement theory are self-serving, because he has an interest in having that view adopted, since this would promote equality among his children, which he is presumed to desire. On this ground it has been held that his subsequent declarations are admissible to show that a gift was intended, but not in support of the advancement hypothesis. (*Gunn v. Thurston,* 130 Mo. 339, 32 S. W. 654.) This appears to be begging the question, or reasoning in a circle. The parent's actual purpose is the very matter of inquiry, and the supposition that he intends equality results only from a rebuttable presumption. There is a sense in which his inheritable estate may be said to be increased by regarding the conveyance of property as an advancement, but as the disposition of the remainder is within his own control, he is not personally affected thereby. "So far as his interest is concerned it is immaterial whether the transfer was by way of gift or advancement." (Thornton on Gifts and Advancements, § 587; *Ellis v. Newell,* 120 Iowa, 71, 94 N. W. 463.)

Much of the testimony objected to related to conversations had with the grantor after the deed had been signed and acknowledged, but before it was recorded. During this period it was within the control of the grantor, and words then spoken by the grantor throwing light upon his purpose were clearly competent; they were uttered before the completion of his act, and gave character to it. The deed doubtless must be regarded as delivered at the time it was filed for record with the register of deeds. (*Pentico v. Hays,* 75 Kan. 76, 88 Pac. 738; Note, 9 L. R. A., n. s., 225.) Even if declarations made after that time were incompetent, their admission would not justify a reversal, since the case was tried without a jury and there was sufficient other evidence to sustain the finding. (*McCready v. Crane,* 74 Kan. 710, 88 Pac. 748.)

The judgment is affirmed.