No. 22,596.

FRANK TUTTLE et al., Partners as TUTTLE BROTHERS, *Appellees,* v. L. M. MILLER and H. J. NIELSON, Partners as the WOODSON COUNTY GRAIN COMPANY, *Appellants.*

### SYLLABUS BY THE COURT.

CONTRACT—*Sale of Hay—Hay Delivered as Per Contract—Hay Burned—Purchaser Liable for Contract Price.* Where hay is sold under a contract that the final payment therefor shall be made when the hay is delivered on board cars, and the hay is burned before being placed on the cars, and a statement of the evidence prepared by the court under section 582 of the code of civil procedure shows that the hay was delivered before being burned, a judgment in favor of the seller for the balance of the purchase price will not be reversed.

Appeal from Woodson district court; OSCAR FOUST, judge. Opinion filed July 10, 1920. Modified and affirmed.

*G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for the appellants.

*J. L. Stryker,* of Fredonia, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs recovered judgment for the remainder of the purchase price of hay, and the defendants appeal. In their brief they say that they "present but one matter to this court for review, to wit: A construction of the contract sued on in this case concerning the ownership of the 66.44 tons of hay at the time same was destroyed by fire." The contract referred to read:

"Know All Men by These Presents, That Tuttle Bros. have heretofore sold to Woodson County Grain Co., 225 tons of baled prairie hay stored in barn in three Tuttle barns and in Sellars and Mays' barn in Woodson county, Kansas, for the agreed price of $17.00 per ton on board of cars either Rose, Buffalo or Chanute, Kansas, and whereas, they have moved about ten tons on cars and about forty-four tons and stored same at Rose, Kansas. Said Grain Company to pay for barn rent. It is now further agreed that said Tuttle Bros. shall move now about sixty-four tons more to Rose, Kansas, and all the other hay to be loaded on cars as soon as cars can be procured, and load the hay stored at Rose on cars as soon as cars can be obtained and the said Woodson County Grain Company shall pay in addition to the $500.00 heretofore paid on said hay the

additional sum of $500.00 this day, and $500.00 more to be paid when the 100 tons are stored at Rose. The balance of the pay is to be paid on delivery on cars, less the proportional sum heretofore paid on the entire 225 tons. Said Woodson County Grain Company to furnish all cars for shipment. Insurance to be paid for by Woodson County Grain Company on hay stored at Rose and Tuttle Brothers on the other hay."

No transcript of the evidence was made by the stenographer, but a statement of the evidence and proceedings in the case has been made and filed by the trial court under section 582 of the code of civil procedure (Gen. Stat. 1915, § 7486). That statement contains the following:

"From the pleadings in the cause and under all the evidence introduced upon the trial thereof the following facts are clearly shown, indeed, may be regarded as admitted by the parties, to wit:

"1st. The execution of the contract set out as Exhibit 'A' attached to plaintiffs' petition.

"2nd. That all hay actually delivered upon cars at Rose, Woodson county, Kansas, has been fully paid for by defendants, pursuant to contract referred to.

"3rd. That plaintiffs, at the request and by direction of defendants stored a portion of hay purchased under the terms of contract in hay barn at Rose, Kansas, the defendants to pay the rental for use of said barn for the storing of such hay therein.

"4th. That defendants should pay the insurance upon the hay so stored in said barn at Rose, Kansas.

"5th. That on the —— day of January, 1918, the said hay barn at Rose, Kansas, was struck by lightning and said barn and contents were wholly destroyed by fire, among which contents were 66.44 tons of hay sold and delivered by plaintiffs to defendants and placed in said hay barn under the terms of contract hereinbefore set out at length.

"6th. That under contract the agreed price for hay was seventeen dollars per ton, payable 'on delivery on cars' the defendant to furnish all cars for shipment.

"7th. That no part of the value of the 66.44 tons of hay destroyed by fire, has been paid to plaintiffs by the defendants, or by any person for or on their behalf.

"8th. That the plaintiffs at all times subsequent to the storing of hay in the hay barn at Rose, Woodson county, Kansas, aforesaid and before its destruction by fire were not only willing but anxious to load same on cars at Rose, Kansas, upon the defendants' procuring cars for shipment."

The court concluded that the defendants were liable for the hay that had been burned.

The defendants argue that nothing is involved in this appeal but an interpretation of the contract for the purpose of ascertaining who was the owner of the hay at the time it was

Tuttle v. Miller.

burned. The evidence should be considered, but it is not before the court. In the place of the evidence must be considered one of the things that the trial court says was clearly shown thereby; that is, that the hay had been sold and delivered by the plaintiffs to the defendants and placed in the barn under the terms of the contract. After reciting the statement of what was shown by the evidence, a discussion of the refinements of law involved in the final transfer of property sold becomes unnecessary. If the hay had been delivered, it was the property of the defendants, and they must bear the loss. A large part of the purchase price for the hay had been paid before it was burned. If the hay had not been burned, and the plaintiffs had refused to load it on the cars, the defendants could have loaded it and could have deducted the cost of loading it from the balance of the purchase price to be paid. The remainder of the purchase price was to have been paid when the hay was placed on cars. The contract fixed the time for the payment of the balance of the purchase price at the time when the hay should be placed on board the cars, and did not fix that as the time when the hay should become the property of the defendant. The plaintiffs did not put the hay on the cars; to have done so would have cost them something. That, they should not collect. What it would have cost the plaintiffs to put the hay that was burned on the cars should be deducted from the amount of the judgment. The cause is remanded with instructions to ascertain that amount and deduct it from the judgment. Other than this, it does not appear that the conclusion reached by the court was incorrect.

With this modification, the judgment is affirmed.