No. 22,477.

THE UNION NATIONAL BANK, *Appellee,* v. ELIZABETH PIROTTE, revived in the name of ELIZABETH PIROTTE, Jr., as Administratrix, etc., and MARY PIROTTE, *Appellants.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Answer States No Defense.* The answer in an action to recover on promissory notes considered, and held to state no defense because of the parol-evidence rule applied to similar defenses in the cases of *Bank v. Watson,* 99 Kan. 686, *Underwood v. Viles,* 106 Kan. 287, and *Stevens v. Inch,* 98 Kan. 306.

2. FRAUDULENT CONVEYANCES—*Deeds Given and Accepted in Good Faith —Fraud in Law.* Conveyances of property by an insolvent debtor to one of her creditors considered, and held not to be absolute as against other creditors, although given and accepted in good faith, because they were given in part for a debt which the grantor did not owe, and in part for services to be rendered in the future by the grantee.

Appeal from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed November 6, 1920. Affirmed.

*J. E. Tice,* of Beloit, *Frank W. Bartos,* and *Stanley Bartos,* both of Wilber, Neb., for the appellants.

*C. L. Kagey, Omer D. Smith,* both of Beloit, *R. W. Turner,* and *D. F. Stanley,* both of Mankato, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the bank to recover on promissory notes given by Elizabeth Pirotte, and to appropriate land conveyed by Elizabeth Pirotte to Mary Pirotte in payment of the sum recovered. The bank prevailed, and the administratrix of Elizabeth Pirotte who died after judgment was rendered against her, and Mary Pirotte, appeal.

Judgment was rendered against Elizabeth Pirotte on the pleadings. Elizabeth Pirotte's son, Peter J. Pirotte, borrowed money from the bank, and she signed his notes and renewal notes given from time to time. The answer alleged the bank said to Elizabeth Pirotte that two signatures were required on the notes to make them bankable paper, that her signature was a formal matter to show to the bank examiner, and that she would not be liable for the notes. These allegations did not constitute a defense. If any one was accommodated it was Peter, not the bank, and the parol-evidence rule forbade proof of the supposed defense (*Bank v. Watson,* 99 Kan. 686, 163 Pac. 637). The answer further alleged that the bank said the notes would be paid out of property of Peter J. Pirotte sufficient for the purpose, and agreed that Elizabeth Pirotte would not be liable for their payment. Allegations of that kind do not bring the case within the rule of *Bartholomew v. Fell,* 92 Kan. 64, 139 Pac. 1016, and oral evidence offered to sustain the supposed defense would merely contradict the writings (*Underwood v. Viles,* 106 Kan. 287, 187 Pac. 881, and cases cited in the opinion). Charges of fraud were scattered plentifully throughout the answer. They did not change the essential nature of the supposed defenses (*Stevens v. Inch,* 98 Kan. 306, 158 Pac. 43). The answer stated no defense, and on April 24, 1919, judgment was properly rendered against Elizabeth Pirotte and in favor of the bank for $9,923.68.

In July, 1917, Mary Pirotte took from her mother, Elizabeth Pirotte, deeds of all of Elizabeth Pirotte's real estate, which was all the property she possessed. Mary Pirotte testified as follows:

"Q. As I understand you now, Miss Pirotte, your mother has no property at all in her own name? A. No, sir.

"Q. None whatever? A. No, sir.

Bank v. Pirotte.

"Q. And the property interests that she did have were entirely conveyed to you?  A. Yes, sir.

"Q. And you have all of that property?  A. Yes, sir.

"Q. In case of her death there would be no estate to distribute among the other children?  A. No, sir."

The consideration for the deeds was made up of the following items:

1. Three thousand three hundred and fifteen dollars loaned by Mary Pirotte to her father. Her father died in 1913. She made no claim against his estate, there was no evidence that Elizabeth Pirotte was liable in any way for payment of the debt, and at the time the deeds were made the debt was not legally collectable from anybody.

2. Three thousand and thirty-five dollars loaned by Mary Pirotte to her mother before the deeds were executed.

3. One thousand five hundred dollars owed by Elizabeth Pirotte to her son Peter, which Mary Pirotte assumed and agreed to pay. In her answer Mary Pirotte acknowledged liability to the plaintiff for this sum.

4. An agreement by Mary Pirotte to support Elizabeth Pirotte while she lived, and to furnish her such medical aid, nursing, hospital and other care, as she might require. At the time of the trial, which occurred on April 24 and 25, 1919, Mary Pirotte had advanced the sum of $3,450 under this agreement. The judgment against Mary Pirotte was rendered on April 29, 1919, and on that day Elizabeth Pirotte died.

The court found the parties to the deeds did not actually intend to hinder, delay or defraud Elizabeth Pirotte's creditors; but after adjudging that Mary Pirotte should pay the bank the $1,500 item, the court gave her a first lien for $9,800, the full amount of all her loans and advancements, instead of absolute title under her deeds. After providing that the bank should first exhaust some property which Peter Pirotte had conveyed to a trustee for the bank's benefit, the bank was given a second lien. Mary Pirotte complains of this judgment.

It may be conceded the judgment was erroneous, but not as against Mary Pirotte. The evidence disclosed that Elizabeth Pirotte was insolvent, and the deeds, though made and accepted without fraudulent intent, were fraudulent in law, because they appropriated property of Elizabeth Pirotte to payment of a

debt she did not owe. Besides that, as to the bank, the agreement to support constituted a mere debt due to Elizabeth Pirotte, and the bank was privileged to resort to the land in Mary Pirotte's hands to the extent of its value in excess of the consideration actually paid (*Farlin v. Sook*, 30 Kan. 401, 1 Pac. 123).

Some questions of practice are raised by the defendants. It is not necessary to discuss them. The defendants suffered no prejudice to their substantial rights. In this connection it may be observed that the interest of the administratrix in this litigation is quite platonic. She has been careful not to oppose Mary Pirotte. Should the administratrix win, she would not have a penny's worth of property to administer. The district court treated Mary Pirotte with remarkable leniency, and if the strict legality for which she argues were applied to her, she would come out of a second trial with a second lien.

The judgment of the district court is affirmed.