No. 30,178.

GEORGE L. LANPHEAR, Executor of the Last Will and Testament of Emma I. McLean, Deceased, *Appellant*, v. A. G. McLEAN, *Appellee*.

(10 P. 2d 889.)

Opinion filed May 7, 1932.

*R. P. Evans* and *George Clammer,* both of Manhattan, for the appellant.

*E. C. Brookens, E. S. Francis* and *H. L. Hart,* all of Westmoreland, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This case involves the sufficiency of the defense interposed to six promissory notes of the usual form, first as to it being sufficient as a matter of law, and if so, then the sufficiency of the evidence to support that defense. The trial court held the answer constituted a legal defense and the evidence supported it as to the first three counts or notes and otherwise as to the last three. Both parties appeal.

The action was commenced by the executor of the estate of the mother of the defendant, who executed and delivered the six notes to his mother during her lifetime. The first three notes were given by the son to his mother when she either loaned or gave to him the several amounts of money they represent, $1,400, $1,500 and $600. The last three notes were given her mainly for delinquent interest on these three earlier notes. The notes were payable in one year from date and bearing five and one-half per cent interest from date. Some of them provided for ten per cent interest after maturity, and others for the interest if not paid when due to become part of the principal and bear the same rate of interest.

The answer filed by defendant, in addition to a general denial and a statement as to the desire of his mother in her lifetime to make a partial distribution of her property and to help her daughter and this defendant by giving each of them gifts of large amounts of money, further alleged:

". . . that the said gifts were so made upon the express understanding and agreement that she, the said Emma I. McLean, for and during her lifetime, should be paid an amount equal to five and one-half per cent per annum payable annually on the amounts respectfully given to them and that neither of them were to pay any other or further amount and that instruments in writing in the form of promissory notes were executed for the various amounts so given merely as memoranda and as evidence of such gifts; that . . . the said notes representing the amounts so given to this defendant were to be and were signed by him and his wife, Gertrude McLean, who is now deceased, and it was the agreement and understanding of the parties thereto that said notes were merely memoranda of the amounts and dates of the several gifts and it was further mutually understood and agreed by and between the defendant and his sister, Carrie M. Lanphear, and his mother, Emma I. McLean, that payment of the amounts represented by said memoranda notes would never be demanded or enforced.

"Defendant further alleges that he has paid to his mother in her lifetime all that was due and owing to her on said notes under their agreement and that it was the understanding and agreement made by and between himself and his mother that no part of the amount represented by said notes should ever be paid, or demanded except the 5½ per cent designated as interest and that upon her death no other or further payments should be made, and that he has paid the interest on said notes which matured during her lifetime."

The plaintiff moved the court to strike out the second defense as irrelevant, immaterial, surplusage and as not constituting any defense to the plaintiff's cause of action. The court overruled this motion and placed the burden upon the defendant, and also overruled the objection of the plaintiff to the introduction of evidence by the defendant in support of said defense, the objection being made on the same grounds as contained in the motion to strike.

The trial court found as to the first three notes—

"That the said notes in writing above mentioned were merely memoranda of the amounts so given by the said Emma I. McLean to her son, A. G. McLean, and that it was at no time her intention or desire that any amount of the principal sum of said notes should be paid and that an amount should be paid thereon, equal to 5½ per cent per annum of said amounts so given by her to her son, A. G. McLean, if paid at maturity, and if not so paid, then interest to be paid according to the provisions of each of said notes."

And concluded there was no obligation or liability of the defendant on said three notes. As to the other three notes, it was found and held they were interest notes, and judgment was rendered thereon against the defendant.

In support of the finding and conclusion of the trial court as to the first three notes, the defendant strongly relied upon the decision in the case of *Brook v. Latimer*, 44 Kan. 431, 24 Pac. 946, in which the facts were quite like those in this case except in that case the father, to whom the note had been given by the daughter, brought the action thereon against the estate of the daughter, and that no question of interest was there involved. It was there claimed that the note given to the father payable on demand represented an advancement made by the parent to the child, and the court held that parol evidence was admissible to show that the promissory note was in fact executed by the daughter and received by the father as a mere receipt or memorandum of an advancement made by the parent to the child. The opinion recognized the uniformity of the decisions of this and other courts as to the inadmissibility of parol evidence to vary or contradict the express terms of a written contract, but it

regarded the matter of an advancement as a general and fixed policy in the state, and for that reason the liberal rule as to the admission of evidence should be followed to show that the apparent consideration of the written instrument was an irrevocable gift. The opinion refers to statutes on advancements in different states and says that the Kansas statutes furnish no aid in the solution of the question.

Among the other cases cited by the defendant on this subject are: *Plowman v. Nicholson,* 81 Kan. 215, 106 Pac. 279; *Martin v. Shumway,* 89 Kan. 892, 132 Pac. 993; and *Packard v. Packard,* 95 Kan. 644, 149 Pac. 404. These cases are concerning conveyances where the issues were whether they were advancements or preferential gifts, and parol evidence was held to be admissible to overcome the presumption that the deeds were advancements.

Many other decisions and texts are cited by defendant, but they apply to the admission of parol evidence which goes to the question of the execution or delivery of the written instrument as denying execution, duress, forgery, fraud, being indorser instead of maker, accommodation maker and the like. Such evidence does not vary or contradict the terms of the written instrument.

The terms of the written instruments in the case at bar are that the principal is to be paid one year after date and is to draw five and one-half per cent interest. The purpose of the parol evidence was to show that instead of being payable one year from date it was never to be paid—a direct contradiction of one of the definite and specific terms of the instruments.

In a very recent decision it was held:

"The allegations in an answer in a suit on a written contract to pay money are examined, and it is held that the allegations in the answer set up facts which constitute a parol promise to vary and add to the terms of the written instrument, and a demurrer to the answer was properly sustained." (*Continental Supply Co. v. Morgan,* 133 Kan. 121, syl., 298 Pac. 790.)

In another decision in the same volume it was held:

"In an action upon promissory notes containing definite, complete and unqualified promises to pay money at specified times, parol evidence is not admissible to enlarge the scope, alter or add to the terms of the written instruments." (*Brown v. Pryor,* 133 Kan. 129, syl. ¶ 1, 298 Pac. 747.)

In the case of *Dye v. Rafter Farm Mortgage Co.,* 132 Kan. 795, 297 Pac. 672, where a mortgage company foreclosed a mortgage on record in the name of the company, but two parties had furnished the money for the loan and the mortgage company bought in the property really for the benefit of the two who furnished the funds

for the loan originally, and to satisfy one of them gave him a note signed by the company, it was held:

"Parol evidence is not admissible to contradict the obligation of the maker expressed in a plain promissory note, and to show the note is merely evidence of an interest in land the title to which stands in the maker's name." (Syl.)

The defense in this case is in effect that the amounts mentioned in these notes were intended by both parties as a gift to the defendant, but as was said in the case of *Ariett v. Osage County Bank,* 120 Kan. 286, 242 Pac. 1018—

"Gifts may be made to be enjoyed by the donee after the donor's death. The gift itself must, however, be complete in the donor's lifetime. Title must pass from the donor to the donee." (p. 291.)

In the same connection, after describing the three different ways of consummating or effecting a delivery of a gift, it is further said in the opinion—

"In all of these cases, the donor must make the gift. No matter how clear his intention, or how strong his desire, if what he does falls short of divesting himself of present title, he has made no gift, and neither law nor equity can aid him or aid the donee." (p. 291.)

It was held in the case of *Gallagher v. Donahy,* 65 Kan. 341, 69 Pac. 330:

"To constitute a valid gift *inter vivos,* there must be not only an intention gratuitously to give, but an absolute transfer of the property, which takes immediate effect.

"A retention of the dominion and control of promissory notes proposed to be donated, coupled with a declaration of the payee that interest payments thereon would be expected from the payer, does not evidence a purpose to make a gift *in præsenti,* nor indicate such a delivery as is essential to an executed gift." (Syl. ¶¶ 1, 2.)

In the opinion it was forcibly stated that if there was no debt, no interest could accrue. The evidence on which this ruling was based was a letter written by the father to the son who gave the note, that he need not trouble himself about that note for all he expected or wanted from him on it was the interest.

The defendant, of course, claims the gift or advancement was completed and effected when the money was turned over to him by his mother, but as long as she retained a dominion over the notes, the gifts were not complete or irrevocable.

"To constitute a gift *inter vivos,* there must be a gift absolute and irrevocable, taking effect immediately, the donor delivering the property to the donee or some one for him, and parting with all future dominion over it."

(*Calvin v. Free,* 66 Kan. 466, syl. ¶ 2, 71 Pac. 823. See, also, *Bruce v. Squires,* 68 Kan. 199, 74 Pac. 1102.)

Where a mother and brother of the real debtor signed a note under an oral agreement that it was a mere form and if it should not be paid otherwise out of the business they would not be called upon to pay it, it was held the written instrument was not impeachable by the contradictory oral agreement. (*Stevens v. Inch,* 98 Kan. 306, 158 Pac. 43.)

Where a mother signed a note at the bank as surety for her son with the assurance at the time by the bank officials that it was only a formal matter to show the bank examiner, it was held this constituted no defense to an action on the note. (*Bank v. Pirotte,* 107 Kan. 573, 193 Pac. 327.)

It has frequently been held that an allegation of the existence of a prior or contemporaneous parol agreement that an absolute and unconditional promise to pay should be satisfied only out of the profits of a certain enterprise and that the instrument imposed no liability or obligation upon the makers thereof, did not constitute a legal defense to an action on the note. (*Underwood v. Viles,* 106 Kan. 287, 191 Pac. 475, and *Hudson State Bank v. Haile,* 130 Kan. 322, 286 Pac. 228. See, also, *Investment Co. v. Gamble,* 102 Kan. 791, 171 Pac. 1152.)

"The maker of a note cannot defend an action thereon by showing an oral agreement made at the time of its execution that he should not be held liable, for the reason that this would violate the rule forbidding the contradiction of the terms of a written instrument by parol evidence." (*Bank v. Watson,* 99 Kan. 686, syl. ¶ 2, 163 Pac. 637.)

The allegations of the answer in the instant case in no way affected the execution or delivery of the notes or their validity as binding obligations, but they attempt to vary and contradict the express terms of the notes, which cannot and does not constitute a legal defense under the above and numerous other authorities, and evidence in support of such allegations was clearly inadmissible. As far as the liberal rule applied in the case of *Brook v. Latimer,* 44 Kan. 431, 24 Pac. 946, is out of harmony with the other decisions of this court, it is hereby modified. It follows that the trial court erred in overruling the motion to strike the second defense from the answer and in overruling the objections of the defendant to the introduction of evidence in support of such allegations, and in rendering judgment for defendant on the first three notes or counts of the petition.

This conclusion reached makes it unnecessary to consider the evidence, the findings or the motion for a new trial. As to the appeal of the defendant from the judgment against him on the last three notes or counts, we find no error.

The judgment is reversed and the cause is remanded with instructions to render judgment for plaintiff and against defendant not only on the last three notes, but also on the first three notes or counts