226 F.2d 105
 Lynn R. BRODRICK, Director of Internal Revenue, formerly Collector of Internal Revenue, District of Kansas, Appellant,
v.
Margaret Sperry MOORE and John M. Moore, as Executors of the Estate of Charles Sperry, late of Graham County, Kansas, Appellee.
 No. 5051.
 United States Court of Appeals Tenth Circuit.
 September 1, 1955.
 
 Carolyn R. Just, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Robert N. Anderson, Sp. Assts. to Atty. Gen., on the brief), for appellant.
 Oscar Ostrum, Russell, Kan. (Casey Jones, Hill City, Kan., and Dean G. Ostrum, Russell, Kan., on the brief), for appellee.
 Before BRATTON, HUXMAN and PICKETT, Circuit Judges.
 PICKETT, Circuit Judge.
 
 
 1
 This controversy arose between the Director of Internal Revenue for the District of Kansas and the executors of the Estate of Charles Sperry, deceased, over the question of whether United States Government bonds purchased by the deceased during his lifetime with his daughter as co-owner, should be considered as a part of Sperry's estate in determining the marital deduction to which the widow was entitled under Section 812 (e) of the Internal Revenue Code of 1939.[1] The Kansas Probate Court held that the bonds became the property of the daughter upon Sperry's death and constituted an advancement chargeable against her share of the estate. The Commissioner refused to follow the decision of the Probate Court and assessed an estate tax deficiency on the ground that the receipt of the bonds did not constitute an advancement to the daughter. The executors paid the deficiency under protest and brought this action for its recovery. This is an appeal from a judgment in favor of the executors. D.C., 123 F.Supp. 108.
 
 
 2
 The material facts are not in dispute. Charles Sperry died October 23, 1948 leaving an estate in Graham County, Kansas. At the time of his death, he had in his possession United States Government bonds of the value of $89,500 which he had purchased over a period of time with his own funds and wherein he had named his daughter Margaret as co-owner. Sperry's will was admitted to probate and by its terms purported to give all of his estate, with one exception, to his daughter. Margaret and her husband were duly appointed and qualified as executors of the estate. Shortly after the will was admitted to probate, the widow elected to take her statutory share of one-half of the estate instead of taking under the will.
 
 
 3
 Thereafter, the executors petitioned the Probate Court for a partial distribution of the estate. The widow appeared and filed an answer to this petition setting forth the receipt of the co-owner bonds by Margaret and alleging that the bonds constituted an advancement to Margaret and should be charged against her share of the estate.[2] After a hearing on the petition, the Probate Court held that the bonds constituted an advancement to the daughter of $89,500, and on partial distribution, it set aside to the widow certain lands and leasehold interests to equalize the value of the bonds. A partial distribution was made accordingly. No appeal was taken from this order. Thereafter, the executors petitioned the court for a final settlement of the estate, and alleged that the decree of the Probate Court with reference to the advancement, entered on the petition for partial distribution, became final. The daughter filed an objection and asserted that the decree entered on partial distribution was prematurely made and that the Probate Court had no jurisdiction to determine the question at that time. The Probate Court again held that the bonds constituted an advancement to the daughter; vested title to the widow in real estate and leasehold interests sufficient to offset their value; and divided the residue of the estate between the widow and the daughter, share and share alike.
 
 
 4
 The executors filed a federal estate tax return in which a marital deduction of $108,482.35 was claimed. Subsequently the marital deduction was reduced to $60,432.15 and a deficiency of $14,215.06 was determined by the Collector, based upon a disallowance of a portion of the marital deduction claimed because receipt of the bonds was not considered an advancement.[3] The District Court allowed the marital deduction to the estate on the basis that the value of the bonds must be considered in computing the deduction.
 
 
 5
 When a widow renounces a will and elects to take under the Kansas Statutes, as to her, the estate is distributed as though there were no will. Tomb v. Bardo, 153 Kan. 766, 114 P.2d 320; Ward v. Ward, 153 Kan. 222, 109 P.2d 68, 134 A.L.R. 657; Lanphear v. McLean, 135 Kan. 266, 10 P.2d 889; Ashelford v. Chapman, 81 Kan. 312, 105 P. 534. Under Kansas law, a widow who elects to take under the statute is considered an heir and may insist upon the application of the law pertaining to advancements. Klein v. Blackshere, 113 Kan. 539, 215 P. 315; Newby v. Anderson, 106 Kan. 477, 188 P. 438. The surviving co-owner of United States Treasury bonds becomes the sole owner upon the death of the other co-owner. Co-ownership creates "a present, vested, though defeasible, interest" in the bonds. Lemon v. Foulston, 169 Kan. 372, 219 P. 2d 388; Harvey v. Rackliffe, 141 Me. 169, 41 A.2d 455, 161 A.L.R. 296. We see no reason why a parent, if he desires, may not use this method of advancing a portion of his estate to a child, even though the child does not come into possession of the advancement until after the parent's death.
 
 
 6
 The probate courts of Kansas have jurisdiction to determine all matters incident to the administration and settlement of estates. Brodrick v. Gore, 10 Cir., 224 F.2d 892; Rosenberg v. Baum, 10 Cir., 153 F.2d 10. The determination of advancements to heirs is necessary and incident to the administration and settlement of estates and is clearly within the jurisdiction of the Kansas Probate Court. In their complaint, the executors alleged the entry of the orders of the Probate Court which held that the bonds were an advancement to Margaret and were chargeable against her share of the estate. No issue was raised in the pleadings that these orders were obtained through collusion, fraud, or were entered in a non-adversary proceeding. A transcript of the proceedings before the Probate Court was received in evidence and is part of the record here. Although federal courts are not bound by orders of a probate court entered by fraud, collusion, or in a non-adversary proceeding, we said in Brodrick v. Gore, supra [224 F.2d 896], that: "And in the absence of collusion, in the absence of other bad faith, and in the absence of its entry in a nonadversary proceeding, the order or judgment must be given effect as a judicial determination" in a matter properly before the Probate Court. We think that decision is determinative here.
 
 
 7
 In the Gore case, the Kansas Probate Court had determined and adjudicated the effectiveness of the provisions in a contract which obligated the executors of an estate to convey to surviving partners the interest of a deceased partner in the property of the partnership for a specific sum. The Probate Court found that the provisions of the contract were binding upon the executors. The market value of the interest was more than that specified in the contract, and the Collector assessed the estate taxes based upon the market value. We held that property rights of the estate were determined by the order of the Probate Court, that the order became final, and that the estate tax should be assessed upon the value fixed by that order. The order of the Probate Court in the case now before us, holding that the bonds were an advancement to the daughter, became final. It determined and established property rights of the parties. There was no issue or finding that the order was entered as a result of collusion, fraud, or in a non-adversary proceeding. The fact that the action of the widow may have had the effect of reducing taxes makes no difference. Taxes may be decreased, or avoided altogether, by means which the law permits. Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596; Jones v. Grinnell, 10 Cir., 179 F.2d 873. We therefore conclude that the Collector was bound by the order of the Probate Court.
 
 
 8
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 This section provides:
 "(e) Bequests, etc., to surviving spouse
 "(1) Allowance of marital deduction
 "(A) In general. An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.
 * * * * *
 "(H) Limitation on aggregate of deductions. The aggregate amount of the deductions allowed under this paragraph (computed without regard to this subparagraph) shall not exceed 50 per centum of the value of the adjusted gross estate, as defined in paragraph (2)." 26 U.S.C.A. § 812(e).
 
 
 [2]
 In re Bush's Estate, 155 Kan. 556, 127 P.2d 455, 458, 142 A.L.R. 518, an advancement was defined as follows:
 "`In its strict technical sense, an advancement is a perfect and irrevocable gift, not required by law, made by a parent, during his lifetime, to his child, with the intention on the part of the donor that such gift shall represent a part or the whole of the portion of the donor's estate that the donee would be entitled to upon the death of the donor, intestate.'" See also Kan.G.S.1949, Sec. 59-510.
 
 
 [3]
 The deficiency letter to the Sperry Estate made an adjustment in the marital deduction claimed in this manner:
 "Schedule 1-B

 "Explanations of Changes in Deductions
 "Return Corrected

 "Schedule M. Marital Deduction $108,482.35 $60,432.15
 "Net Decrease $48,050.00
 "The net increase above results from adjusting the marital deduction in accordance with Section 812(e) of the Code.
 "Jointly owned bonds listed in Schedule B of the return have not been considered an advancement to the daughter of the decedent, thus reducing the residue of the Estate and the gross marital deduction as computed in the return.
 "Computation of the Marital Deduction is as follows:
 "Gross Estate 245,265.22
 "Debts and Charges 9,950.03
 "Federal Estate Taxes 24,366.78
 "Jointly Owned Bonds 90,084.12 124,400.93
 ___________
 "Residue 120,864.29
 "One-half to spouse — Marital Deduction 60,432.15"
 ===========