**ESTATE of Arthur SWEET, Deceased.
TRACY–COLLINS TRUST COMPANY,
Administrator, Petitioner,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent.**

No. 5235.

United States Court of Appeals
Tenth Circuit.

May 26, 1956.

Rehearing Denied June 28, 1956.

402

Maurice J. Hindin, Los Angeles, Cal., for petitioner.

H. Brian Holland, Washington, D. C. (Robert N. Anderson, I. Henry Kutz and David O. Walter, Washington, D. C., on the brief), for respondent.

Before BRATTON, Chief Judge, MURRAH, Circuit Judge, and HILL, District Judge.

HILL, District Judge.

In 1947, Arthur Sweet executed a revocable trust agreement in the State of Utah, naming his wife and four children as beneficiaries. Tracy-Collins Trust Company was made trustee, and as such received the corpus of the trust estate.

This trust agreement provided among other things that the trustee should pay the income to the trustor during his lifetime and thereafter to trustor's wife for her lifetime; and upon the death of both trustor and his wife, the trust should terminate and the trust estate be distributed equally to trustor's four children with further provision for payment in a specific manner in event of the death of one or more of the children before the termination of the trust.

On July 27, 1948, the trustor executed an instrument denominated "Supplemental Trust Agreement". This instrument provided for the cancellation of paragraph IV of the original agreement and substituted a new paragraph therefor. The substituted paragraph provided trustor's wife should "have the power of appointment over such portion of the Trust Estate as equals one-half (½) of the value of my adjusted gross estate, as appraised for Federal Estate Tax purposes. The power of appointment of the said Margaret M. Sweet shall be exercisable in favor of herself, or in favor of her estate, or in favor of any other person, whom she shall elect to appoint. * * * In the absence of an appointment completely disposing of said portion of the Trust Estate, upon the death of said Margaret M. Sweet, said portion of the Trust Estate shall terminate and

the Trustee shall pay, disburse and distribute the same, in equal shares, unto the daughter of the Trustor, Dorothy Sweet Hinden, the daughter of the Trustor, Barbara Sweet Hartman, the daughter of the Trustor, Margaret "Peggy" Sweet, and the son of the Trustor, Arthur David Sweet." The "Supplemental Trust Agreement" further provided that "The Remainder of the Trust Estate, over which the said Margaret M. Sweet has no power of appointment, shall terminate upon the death of the last survivor of the Trustor, and the said Margaret M. Sweet * * *."

Arthur Sweet died on October 21, 1952. A marital deduction from the gross estate of the decedent was claimed under section 812(e) (1) (F) of the Internal Revenue Code of 1939, as amended by section 361 of the Revenue Act of 1948, c. 168, 62 Stat. 110, 26 U.S.C.A. § 812 (e) (1) (F).[1]

The Commissioner of Internal Revenue disallowed the claimed deduction and imposed a resulting deficiency in estate tax.

On August 22, 1952, and after this controversy arose over the estate tax deficiency, petitioner here filed an action in the District Court of the Third Judicial District of Utah to interpret and construe the two trust instruments. The primary beneficiary and the remaindermen under the instruments were named defendants and entered their appearances in that action. The Utah District Court entered judgment determining that the original trust agreement and the supplemental agreement created two trusts. Petitioner then filed its petition in the Tax Court seeking a redetermination of the estate tax deficiency. The decision there was adverse to petitioners, 24 T. C. 488, and the proceeding was brought here on petition for review.

To decide the case, the legal effect of the two trust instruments must be determined insofar as federal estate tax liability is concerned.

■ The power vested in the surviving spouse to appoint only a part of the trust estate does not comply with the exaction of the statute requiring that she have power to appoint the entire corpus. Estate of Louis B. Hoffenberg, 22 T.C. 1185, affirmed, Hoffenberg v. Commissioner, 2 Cir., 223 F.2d 470.

■ The petitioner seeks to meet this exaction of the statute by contending that the trustor set up two separate trusts. The argument proceeds on the level that the supplemental trust agreement modified the original agreement so as to create two separate and distinct trusts; that the surviving spouse was vested with power to appoint the entire corpus of the trust created by the supplemental agreement; and that in respect to such trust estate the marital deduction is well founded. But the trust instruments considered together do not lend themselves to that view. It is clear that the original instrument created a single trust with no power of appointment in the surviving spouse of the trus-

[1]. "(F) Trust with power of appointment in surviving spouse. In the case of an interest in property passing from the decedent in trust, if under the terms of the trust his surviving spouse is entitled for life to all the income from the corpus of the trust, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire corpus free of the trust (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse—
  "(i) the interest so passing shall, for the purposes of subparagraph (A), be considered as passing to the surviving spouse, and
  "(ii) no part of the interest so passing shall, for the purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse.
This subparagraph shall be applicable only if, under the terms of the trust, such power in the surviving spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and and in all events. * * "

tor. And the language contained in the supplemental trust agreement does not indicate a purpose to create two separate and distinct trust estates. It speaks throughout of the trust in the singular, not the plural. It expressly vests in the surviving spouse power of appointment over a portion of the trust estate. It provides that in the absence of an appointment completely disposing of such portion of the trust estate, the trust shall terminate and disbursements shall be made in the manner specified. And it further provides that the remainder of the trust estate over which the surviving spouse has no power of appointment shall terminate upon the death of the last survivor of the trustor and his wife and disbursement shall be made in the manner therein detailed. The supplemental trust agreement indicates clearly a purpose to vest in the surviving spouse power of appointment over a part of a single trust, rather than to create two separate estates with power in the surviving spouse to appoint the entire corpus of one free of the trust and no power whatever to appoint the corpus of the other free of the trust.

The petitioner makes the further argument that the decision of the Utah State District Court declaring that two trusts were created is binding in this proceeding.

Legal rights and interest of parties in property are created and determined by state law but the manner in which and the extent to which such rights and interests shall be subjected to federal tax is determined by federal law. Morgan v. Commissioner, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585; Brodrick v. Gore, 10 Cir., 224 F.2d 892; Brodrick v. Moore, 10 Cir., 226 F.2d 105.

While rights and interests of parties in property are created and determined by state law, an order or judgment of a state court obtained through collusion, or attended with some other badge of fraud, or entered in a nonad-versary proceeding, is not binding as between one or more parties to such proceeding and the United States in respect to income or estate tax imposed by federal legislation. Brodrick v. Gore, supra; Brodrick v. Moore, supra.[2] The proceeding in the state court was instituted with the concurrence of the trustee and the beneficiaries under the trust for the sole and single purpose of circumventing the contention of the commissioner that the trustor did not create two separate and distinct trust estates, and it was essentially nonadversary in character. The decree was obtained by collusion for the purpose of maintaining the claim for marital deduction. And it therefore is not binding in this proceeding. Newman v. Commissioner, 9 Cir., 222 F.2d 131.

The judgment of the Tax Court is affirmed.

---

2. For a somewhat different and interesting discussion of this problem see Gallagher v. Smith, 3 Cir., 223 F.2d 218.